IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONDI SHUEY<br>31 Highview Drive<br>Coal Township, PA 17866<br>                    *Plaintiff,*<br>vs.<br>GEISINGER HEALTH SYSTEM<br>100 North Academy Avenue M.C. 40-31<br>Danville, PA   17822<br>                    *Defendant.* | **Civil Action**<br><br>**Jury Trial Demanded**<br><br>**No.** |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff, Rondi Shuey, (hereinafter "Plaintiff"), brings this action under the Age Discrimination Employment Act of 1967, 29 U.S.C. §623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.* and applicable Pennsylvania common law. Plaintiff seeks relief, compensatory damages, costs and attorney's fees from Defendant for Defendant's discriminatory practices and other tortious actions.

### II. THE PARTIES

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3. Upon information and belief, Defendant, Geisinger Health System, (hereinafter "Geisinger and/or Defendant"), is a Pennsylvania corporation or duly authorized legal entity that maintains a principal place of business at the above-captioned address and licensed and authorized to do business in the Commonwealth of Pennsylvania.

4.      At all times material hereto, Defendant acted individually, and/or through their agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Defendant's business and acting within the scope of their agency, servitude and/or employment on behalf of Defendant.

5.      At all times material hereto, the conduct of Defendant as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania.

### III.   JURISDICTION AND VENUE

6.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

7.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391.

8.      At all times material hereto, Defendant was "engaged in an industry affecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

9.      At all times material hereto, Defendant employed more than fifty (50) employees.

10.     At all times material hereto, Defendant was an "employer" as defined by the ADEA.

11.     At all times material hereto, Defendant was an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.*

12.     At all times material hereto, Defendant aided and abetted the interference, discrimination, and retaliation that Plaintiff was subjected to during the course and scope of her employment.

13.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission claiming discrimination based on Age. See Charge attached hereto as

Exhibit "A".

14. Plaintiff has complied with all jurisdictional prerequisites and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on May 26, 2023. See Right to Sue Letter attached hereto as Exhibit "B".

## COUNT I
## Rondi SHUEY v. GEISINGER HEALTH SYSTEM

15. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

16. On or about March 12, 1979, Plaintiff was hired by Defendant as a nurse.

17. During the course and within the scope of Plaintiff's employment, she was subject to discrimination and retaliation based upon her age, suffering demotion as a result thereof.

18. Plaintiff was supervised by Ryan Brown, RN, Operations Manager, and Tara Leisenring, RN, Team Coordinator.

19. Plaintiff was a member of the class of persons entitled to protection from unlawful discriminatory acts, harassment and retaliation, as well as demotion.

20. Plaintiff began the position as a Pre-Op Charge Nurse/CEP in July 2017.

21. Plaintiff, at all relevant times hereto, acted in the capacity as a Pre-Op Charge Nurse/CEP, earning approximately $48.03 per hour until a demotion/loss of pay, which began on or about June 6, 2021.

22. Plaintiff's salary was reduced to $45.63 per hour with Plaintiff losing her status and pay differential.

23. At all times relevant hereto, Plaintiff had worked in excess of forty-two (42) years with Defendant.

24. Plaintiff worked as the Charge Nurse/CEP (Clinical Enhancement Program) for over eleven (11) years in the Pre-Op Same Day Surgery Unit.

25. Plaintiff alleges that due to her age she has been subject to unprecedented and baseless demotion following multiple comments made by supervisors/management, strongly indicating a preference for younger employees.

26. On March 22, 2021, during the course of a charge nurse meeting held by Plaintiff's supervisor Ryan, which provided oversight on issues and planning for goals, Defendant Representative Ryan Brown made the statement directly to Plaintiff during said meeting, "how long have you been in this role Rondi? Over ten years? I can see how it would be difficult for you to have staff listen to you since you have been working side by side with them for so long."

27. On one occasion, Defendant Representative Tara Leisenring, stated during a time council meeting that the needs and interests of employees of longevity were not to be given precedence over the younger employees.

28. During the course of said meeting, Defendant Representative Tara Leisenring stated, "the nurses with longevity will be gone in a couple years anyway."

29. On or about May 13, 2021, Plaintiff was told by Defendant Representative Tara Leisenring that Plaintiff's job as a Pre-Op Charge Nurse/Career Enhancement Program was going to be posted.

30. Defendant Representative Tara Leisenring advised Plaintiff that this decision was part of the direction of Defendant Representative Ryan Brown with Plaintiff's job opening posted the next day (May 14, 2021).

31. During the course of a May 13, 2021 meeting with Defendant Representative Tara

Leisenring, Plaintiff asked for specific examples of behaviors and/or performance that led to her demotion.

32. Plaintiff was never given any specific identifiable feedback that provided any explanation as to the demotion other than being advised that Defendant Representative Brown wanted to rotate CEP's and that allegedly Plaintiff was negative without elaboration.

33. During the course of her in excess of forty-two (42) years as a nurse at Defendant's institution, Plaintiff never received any negative evaluations and/or disciplinary notices.

34. Plaintiff has been certified as an Ambulatory Care Nurse and has received recognition as Employee of the Month and numerous certificates of recognition for exemplary patient care.

35. At all times relevant hereto, the position of Charge Nurse/CEP was created by past management to recognize and identify experience, knowledge and leadership on the unit.

36. Plaintiff submits that position was provided to her as a result of her respected work performance during the course of her career.

37. At all times relevant hereto, the combined Charge Nurse/CEP role was paid more than individual titles of Charge Nurse or CEP.

38. Plaintiff asserts that at no time was she ever advised that the Charge Nurse/CEP position was one which would be included within some sort of reorganization or restructuring plan.

39. The position of Charge Nurse/CEP is significantly more labor intensive, requiring daily management of staff, addressing patients, addressing equipment issues, IT issues, intervention with physicians, patient family issues and overall management and coordination of

the multidisciplinary teams required to provide excellent patient care and satisfaction.

40. At all times relevant hereto, Plaintiff was a member of a protected class as she was over forty (40) years of age.

41. Upon information and belief, Plaintiff's position was taken over by multiple nurses, significantly younger than that of Plaintiff.

42. At all times relevant hereto, Plaintiff's demotion was causally related to her age as she was subjected to demotion and loss of title after Defendant's specific efforts to retain younger nurses to perform Plaintiff's job related duties.

43. The discrimination and retaliation including reduction in pay, was intentional with malice and with reckless indifference to Plaintiff's rights as an employee of Defendant.

44. Defendant's rationale that it was attempting to have some sort of revolving staff to perform the Charge Nurse/CEP position was pretextual in an effort to obscure Defendant's discriminatory animus and purpose. However, at the present time, none of the CEP's or Charge/CEP's have been rotated in the past two years other than Plaintiff.

45. As referenced above, Plaintiff was subjected to ongoing antagonism as a result of her age.

46. The conduct of Defendant and its treatment of Plaintiff in her employment, violated The Age Discrimination in Employment Act of 1967, 29 U.S.C. 623 *et seq.*, as Plaintiff's demotion and loss of job title from employment was based upon her age of being over forty (40) years old.

WHEREFORE, Plaintiff, Rondi Shuey, seeks a determination that Defendant, Geisinger Health System, violated the Age Discrimination Employment Act of 1967, 29 U.S.C. §623 *et seq.* and requests all damages and relief permitted under the Act, including but not limited to:

back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and proper.

## COUNT II
## Rondi SHUEY v. GEISINGER HEALTH SYSTEM
## <u>VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.</u>

47. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

48. Defendant's conduct in demoting Plaintiff and taking her job title away from her was harassing and unwelcome.

49. At all times material hereto, the conduct of the Defendant was severe and pervasive.

50. At all times material hereto, the aforementioned harassment and demotion altered the status, pay and work conditions of Plaintiff.

51. Defendant knew or should have known about the aforementioned conduct of Defendant Representatives Brown and Leisenring which Plaintiff was required to suffer the consequence of said conduct.

52. Defendant has failed to take prompt, remedial action to eliminate the aforementioned discriminatory environment to which Plaintiff was subjected during the course of her employment.

53. The comments made by Defendant Representatives Brown and Leisenring showed a clear malice towards older employees and said Representatives' desire to have Plaintiff leave the employ of Defendant Geisinger Health System.

54. The conduct of Defendant and its employees during the course of her employment, violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*

WHEREFORE, Plaintiff, Rondi Shuey, seeks a determination that Defendant, Geisinger Health System, violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, including but not limited to: back pay and front pay; equitable relief; injunctive relief including but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and proper.

**Respectfully submitted,**

BY: _____
MARC A. WEINBERG, ESQUIRE
**Attorney for Plaintiff, Rondi Shuey**
P.A. I.D. 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
mweinberg@saffwein.com